UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – X

| | |
|---|---|
| DAVID CRESPO, ANTHONY PODIAS, PEDRO ESPADA, JR., ROLFI ESPINAL, KESNEL JUSTE and ANTHONY JOSEPH on their own behalf, and on behalf of two classes of similarly situated prisoners, | Civil Action No. 17-cv-06329 <br><br> (Mauskopf, J.) <br> (Kuo, M.J.) |
| Plaintiffs, | |
| - against - | |
| HUGH J. HURWITZ, Acting Director, Federal Bureau of Prisons; MICHAEL CARVAJAL, Northeast Regional Director, Federal Bureau of Prisons; HERMAN QUAY III, Warden, MDC Brooklyn; KIMBERLY ASK-CARLSON, Former Warden, MDC Brooklyn; GERARD TRAVERS, Health Services Administrator, MDC Brooklyn; WAYNE DECKER, Food Service Administrator, MDC Brooklyn; MARY LOU COMER, Food Service Administrator, MDC Brooklyn, | |
| Defendants. | |

– – – – – – – – – – – – – – – – – – – X

**REPLY MEMORANDUM OF LAW IN SUPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT**

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
271-A Cadman Plaza East, 7th floor
Brooklyn, New York 11201

James R. Cho
Assistant United States Attorney
718-254-6519
james.cho@usdoj.gov

November 30, 2018

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ...................................................................................................................................2

I.  Sovereign Immunity Bars Plaintiffs' Claims Against the Official Defendants..........................2

II.  The Supreme Court Has Not Recognized Plaintiffs' *Bivens* Claims .........................................3

III.  Plaintiffs Juste and Espinal Failed to Exhaust Their Administrative Remedies.......................6

IV.  Plaintiffs' Treatment Did Not Violate the Eighth Amendment................................................8

CONCLUSION..................................................................................................................................10

**TABLE OF AUTHORITIES**

**CASES**

*Berkun v. Terrell*, No. 12 Civ. 706, 2012 WL 3233897 (E.D.N.Y. Aug. 6, 2012) ......................... 2

*Berry v. Kerik*, 366 F.3d 85 (2d Cir. 2003) ................................................................................... 7

*Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*,
   403 U.S. 388 (1971) ............................................................................................................ *passim*

*Bush v. Lucas*, 462 U.S. 367 (1983) .............................................................................................. 5

*Carlson v. Green*, 446 U.S. 14 (1980) ....................................................................................... 3, 4

*Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001) ....................................................... 6

*Davis v. Shaw*, No. 08 Civ. 364(NRB), 2009 WL 1490609 (S.D.N.Y. May 20, 2009) ................. 8

*Estelle v. Gamble,* 429 U.S. 97 (1976) .......................................................................................... 9

*Finger v. McGinnis*, No. 99 Civ. 9870, 2004 WL 1367506 (S.D.N.Y. June 16, 2004) ................. 7

*Gonzalez v. Hasty*, No. 17-3790-cv, 2018 WL 5960773 (2d Cir. Nov. 14, 2018) ....................... 10

*Greig v. Goord*, 169 F.3d 165 (2d Cir. 1999) ............................................................................... 8

*Hunter v. Bryant*, 502 U.S. 224 (1991) ......................................................................................... 8

*Johnson v. Killian*, No. 07 Civ. 6641, 2009 WL 1066248 (S.D.N.Y. Apr. 21, 2009) ................... 8

*Mack v. United States*, 814 F.2d 120 (2d Cir. 1987) .................................................................... 2

*Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986) ...................................... 2

*Minneci v. Pollard*, 565 U.S. 118 (2012) ...................................................................................... 6

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ...................................................................................... 8

*Porter v. Nussle*, 534 U.S. 516 (2002) .......................................................................................... 7

*Prescott v. Annetts,* No. 09 Civ. 4435, 2010 WL 3020023 (S.D.N.Y. July 22, 2010) .................. 8

*Robinson v. Lindsay*, No. 09 CV 2852, 2011 WL 3876977 (E.D.N.Y. Sept. 1, 2011) ................. 2

*Schweiker v. Chilicky*, 487 U.S. 412 (1988) ................................................................................. 5

*Wilson v. Seiter*, 501 U.S. 294 (1991) .................................................................................................... 10

*Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) ............................................................................................ *passim*

### FEDERAL STATUTES

28 U.S.C. § 1331 ............................................................................................................................... 2

42 U.S.C. § 1997e(a) ........................................................................................................................ 7

### FEDERAL RULES

Fed. R. Civ. P. 12 ............................................................................................................................. 1

## PRELIMINARY STATEMENT

Defendants Hugh J. Hurwitz ("Hurwitz") (Acting Director of the Federal Bureau of Prisons ("BOP")), Michael Carvajal ("Carvajal") (Director of the BOP's Northeast Region), Herman Quay, III ("Quay") (Warden of the Metropolitan Detention Center in Brooklyn ("MDC")), Kimberly Ask-Carlson ("Ask-Carlson") (former MDC Warden), Gerard Travers ("Travers") (MDC's Health Service Administrator), Wayne Decker ("Decker") (MDC's former Food Services Administrator), and Mary Lou Comer ("Comer") (MDC's Food Services Administrator) (collectively, "Defendants"), respectfully submit this reply in support of their motion to dismiss plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12 or, in the alternative, for partial summary judgment.

Plaintiffs claim their Eighth Amendment rights were violated due to inadequate medical care, spoiled food, lack of sunlight, and exposure to airborne particulate matter while housed at the MDC. Am. Compl. ¶ 3 (ECF No. 34).[1] As set forth in Defendants' opening memorandum ("Br."), Plaintiffs' claims should be dismissed. First, sovereign immunity bars Plaintiffs' claims against the Official Defendants. Second, the Supreme Court has not recognized Plaintiffs' *Bivens* claims. Third, Plaintiffs Kesnel Juste ("Juste") and Rolfi Espinal ("Espinal") failed to exhaust their administrative remedies prior to commencing this action. Finally, qualified immunity shields the Individual Defendants from Plaintiffs' claims.

In their opposition, Plaintiffs argue that sovereign immunity does not bar claims for injunctive relief; they have sufficiently alleged Eighth Amendment *Bivens* claims; and Juste and Espinal need not exhaust their administrative remedies. *See generally* Memorandum of Law in

---

[1] Plaintiffs have sued Hurwitz, Carvajal, Quay, Travers, and Comer in their official capacities (collectively, "Official Defendants"), and Carvajal, Quay, Ask-Carlson, Travers, and Decker in their individual capacities (collectively, "Individual Defendants").

Opposition to Defendants' Motion ("Opp."). As discussed below, Plaintiffs' opposition offers no factual or legal analysis in support of their claims sufficient to defeat Defendants' motion. Plaintiffs fail to identify the basis for the Court's jurisdiction over the claims against the Official Defendants; fail to establish a cognizable *Bivens* claim in light of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017); fail to assert claims that rise to the level of a constitutional violation, or that Defendants were personally involved in violating Plaintiffs' constitutional rights; and fail to excuse the failure of nominal Plaintiffs Juste and Espinal to exhaust their administrative remedies. The Court should dismiss Plaintiffs' Amended Complaint.

## ARGUMENT

### I. Sovereign Immunity Bars Plaintiffs' Claims Against the Official Defendants

As set forth in Defendants' opening brief at Section I, Plaintiffs' claims for injunctive relief against the Official Defendants are barred based on sovereign immunity. Plaintiffs have failed to properly plead subject matter jurisdiction over their claims for injunctive relief, as the provisions upon which they rely -- the Eighth Amendment and 28 U.S.C. § 1331 (general Federal Question jurisdiction statute) (Opp. 4-6) -- do not waive federal sovereign immunity. *See Robinson v. Lindsay*, No. 09 CV 2852, 2011 WL 3876977, at *3 n.4 (E.D.N.Y. Sept. 1, 2011) (Eighth Amendment does not constitute waiver of sovereign immunity); *Mack v. United States*, 814 F.2d 120, 122 (2d Cir. 1987) ("general federal question jurisdictional statute, 28 U.S.C. § 1331, does not constitute a waiver of sovereign immunity by the United States").[2]

---

[2] Under certain circumstances, not present here, a party may assert claims for injunctive relief where the Government has waived sovereign immunity. *See Berkun v. Terrell*, No. 12 Civ. 706, 2012 WL 3233897, at *3 (E.D.N.Y. Aug. 6, 2012) (cited by Plaintiffs, Opp. 5) (injunctive relief available under the Administrative Procedures Act). Here, Plaintiffs do not assert any statutory grounds as the basis for this Court's jurisdiction. *See Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) (jurisdiction not sustained on a theory plaintiff has not advanced).

Plaintiffs' mere mention of the Eighth Amendment is not enough to confer federal question jurisdiction. Because Plaintiffs have neither asserted any waiver of sovereign immunity, nor any independent basis for jurisdiction, the Court lacks jurisdiction over Plaintiffs' claims against the Official Defendants.

## II.     The Supreme Court Has Not Recognized Plaintiffs' *Bivens* Claims

As set forth in Defendants' opening brief at Section II, the Supreme Court has not recognized *Bivens* remedies for the violations alleged by Plaintiffs, and "special factors" counsel against inferring such an action. *See Abbasi*, 137 S. Ct. at 1854-55, 1857.

Plaintiffs argue that their medical, living conditions and food allegations do not arise in a new *Bivens* context. Opp. 17-20. Plaintiffs rely exclusively on *Carlson v. Green*, 446 U.S. 149 (1980), in support of their argument that the Court should recognize their *Bivens* claim.

Unlike *Carlson*, as described in Defendants' opening brief (Br. 9), Plaintiffs' non-medical Eighth Amendment claim is based principally on the uncomfortable conditions under which they were allegedly detained. Opp. 20. Plaintiffs' allegations of spoiled food, limited sunlight, and exposure to particulate matter, none of which implicates medical treatment, are significantly different from the extreme facts on which *Carlson* was based, and present "new contexts" insofar as they concern conditions of their confinement. *See* 446 U.S. at 16 n.1.

Plaintiffs further argue that their medical claims fall directly within *Carlson's* holding because *Carlson* recognized a broader right to bring claims under the Eighth Amendment for constitutionally-deficient medical treatment. Opp. 18-20. But the Supreme Court makes clear that *Carlson* does not stand for such a sweeping proposition. The *Abbasi* plaintiffs alleged that BOP supervisors were deliberately indifferent to the "routine[] abuse[]" they suffered at the hands of guards despite policies prohibiting such conduct. 137 S. Ct. at 1864. The Supreme

3

Court acknowledged that "[t]he differences between" these allegations and those "in *Carlson* are perhaps small, at least in practical terms." *Id*. at 1865. Nevertheless, the Court held that "the new-context inquiry is easily satisfied." *Id*. The Court explained that "the existence of alternative remedies," many of which were potentially available to plaintiffs there as here, "precludes a court from authorizing a *Bivens* action." *Id*. The existence of "legislative action suggesting that Congress does not want a damages remedy is itself a factor counseling hesitation." *Id*. And "15 years after *Carlson* was decided, Congress passed the [Prison Litigation Reform Act ("PLRA")], which made comprehensive changes to the way prisoner abuse claims must be brought in federal court" but did "not provide for a standalone damages remedy against federal jailers." *Id*. "Congress chose not to extend the *Carlson* damages remedy to cases involving other types of prisoner mistreatment." *Id*.

The Supreme Court's analysis confirms that Plaintiffs' quasi-medical claims arise in a new context. Like the *Abbasi* plaintiffs, Plaintiffs "might have been" able to avail themselves of "alternative remedies," such as "a writ of *habeas corpus*"; "an injunction requiring the warden to bring his prison into compliance" with the Eighth Amendment; or "some other form of equitable relief." *Abbasi*, 137 S. Ct. at 1865. Like the *Abbasi* plaintiffs, Plaintiffs' invocation of *Carlson* ignores subsequent congressional actions suggesting that Congress has chosen not to extend *Bivens* beyond Eighth Amendment claims based on the failure to treat an inmate's emergency medical condition -- none of the medical conditions alleged here were medical emergencies (*see* Br. 9-10). *See Abbasi*, 137 S. Ct. at 1865. In their opposition, Plaintiffs do not cite nor address these aspects of *Abbasi's* holding. Instead, they argue that their medical claims do not differ from the claim in *Carlson* in other respects *Abbasi* identified as "meaningful" and that any differences are "trivial" (Opp. 19). But *Abbasi* concluded that the differences discussed above

4

were sufficient to satisfy the new-context inquiry. For these reasons, the Court should perform a special factors analysis before allowing Plaintiffs' claims to proceed under *Bivens*.

Plaintiffs argue that even assuming their *Bivens* claims arise in a new context, a special factors analysis warrants recognizing a *Bivens* remedy here because alternative remedies (*i.e.*, *habeas corpus* relief, injunctive relief, claims under the Federal Tort Claims Act ("FTCA"), state law remedies, and claims brought under the PLRA) were either non-existent or inadequate. Opp. 21-24. The Supreme Court in *Abbasi* rejected the same types of arguments that Plaintiffs are asserting here, and held that the sole inquiry is whether "alternative methods of relief are available" to protect plaintiffs' interests. 137 S. Ct. 1863. In fact, there are.

Plaintiffs argue that neither the Administrative Remedy Program nor the federal *habeas* statute qualify as viable alternatives. Contrary to Plaintiffs' assertions, such alternatives do not need to provide Plaintiffs with direct compensation -- and certainly not money damages -- for the constitutional violations alleged. *See Schweiker v. Chilicky*, 487 U.S. 412, 227-28 (1988) (Social Security appeal procedures precluded creation of a *Bivens* remedy even though procedures could not redress harms arising from the alleged due-process violation). They do not need to provide Plaintiffs with any monetary relief, much less monetary relief equivalent to the amount obtainable should a *Bivens* remedy be inferred. *See, e.g., Bush v. Lucas*, 462 U.S. 367, 372 (1983) (declining to create *Bivens* remedy even though alternative remedies not as effective as individual damages remedy and did not fully compensate plaintiff for harm suffered); *Schweiker*, 487 U.S. at 424 (*Bivens* action precluded by remedies that did not provide for "money damages"). As the Supreme Court has held, even the *potential* of an alternate grounds for relief is an adequate basis to prohibit a *Bivens*-based action. *See Abbasi*, 137 S. Ct. at 1862-63 (potential availability of *habeas* relief for an inmate's conditions-of-confinement claims is

5

enough to foreclose a *Bivens* action). Despite Plaintiffs' creative legal interpretations, under controlling Supreme Court precedent the governing legal standard is simple: A *Bivens* claim is precluded if another avenue exists (or potentially exists) to protect the rights allegedly infringed. As set forth in Defendants' opening brief (Br. 10-12), the alternative processes available to Plaintiffs more than satisfy this standard.

Plaintiffs also argue that the available remedies do not provide relief equally effective as a *Bivens* remedy might provide, or deter the perpetrators of constitutional violations. Opp. 21-24. Again, *Abbasi* rebutted these arguments holding that the availability of alternative processes foreclosed an asserted *Bivens* claim without analyzing any of these considerations. Plaintiffs' citation (Opp. 22) to *Minneci v. Pollard*, 565 U.S. 118 (2012), does not save their argument. The Court in *Minneci* considered the adequacy of an alternative state-law process, not one created by or at the behest of Congress. Thus, *Minneci* does not implicate the "bedrock principles of separation of powers," *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 69 (2001), in the same way as the cases that came before and after it. In any event, special factors counsel hesitation against extension of *Bivens* to these new contexts, even apart from any inquiry into whether existing administrative and judicial processes provide alternative methods of relief. As *Abbasi* made clear, the Supreme Court's reluctance to extend *Bivens* may result in "insufficient deterrence to prevent officers from violating the Constitution." 137 S. Ct. at 1863. Yet this concern must always be balanced against the deleterious impact recognition of a *Bivens* remedy would have "on governmental operations systemwide." *Id*. at 1858.

### III. Plaintiffs Juste and Espinal Failed to Exhaust Their Administrative Remedies

As set forth in Section III of Defendants' opening brief, Plaintiffs Juste and Espinal failed to exhaust their administrative remedies pursuant to the PLRA prior to commencing this action.

Plaintiffs concede their failure to exhaust, but argue that by the time they filed their amended complaint, Juste and Espinal had been released from custody and were no longer required to exhaust. Opp. 24-25. Plaintiffs' position undermines the very purpose of Congressionally-mandated exhaustion, which is to provide the agency notice to allow the agency a reasonable opportunity to address the claimants' concerns and potentially avoid litigation. Here, Plaintiffs' filing of an amended complaint after their release does not exempt them from the PLRA's exhaustion requirement. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought" with respect to prison conditions under Federal law by a prisoner confined in any correctional facility until such administrative remedies as are available are exhausted.); *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (prisoner "must exhaust administrative processes *prior to* instituting a . . . suit.").

Juste and Espinal were incarcerated when Plaintiffs "brought" this action by filing their initial complaint on October 31, 2017. They did not "commence" or "institute" this action when they subsequently amended their complaint. Based on the PLRA, they were required to exhaust their administrative remedies. Plaintiffs deprived the BOP of its Congressionally-mandated opportunity to address their concerns when they did not to exhaust their administrative remedies. As there is no dispute that Juste and Espinal failed to exhaust, their claims must be dismissed. *See Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2003) (dismissing claims of a plaintiff who had been released during the pendency of the action, but who had failed to exhaust his administrative remedies during his incarceration, despite having had "ample opportunity" to do so); *Finger v. McGinnis*, No. 99 Civ. 9870, 2004 WL 1367506, at *5 (S.D.N.Y. June 16, 2004) (dismissing claims of plaintiff who had been released during the pendency of the action, holding that he should have exhausted before filing his complaint). Juste and Espinal had "ample opportunity" to exhaust their administrative remedies, and their failure to exhaust should not be excused

merely because they amended their complaint after being released from custody. As the Second Circuit in *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999), makes clear, Juste and Espinal could have filed a new action after their release, which would not have been subject to the PLRA's exhaustion requirement, but they chose not to do so.[3]

Plaintiffs further argue that vicarious exhaustion saves their claims. Opp. 25. However, the PLRA does not permit vicarious exhaustion. *See Davis v. Shaw*, No. 08 Civ. 364(NRB), 2009 WL 1490609, at *3 (S.D.N.Y. May 20, 2009) (PLRA does not permit plaintiffs to rely on the efforts of others to exhaust their administrative remedies). Even assuming the Court recognizes the theory of vicarious exhaustion, Plaintiffs cannot avail themselves of vicarious exhaustion because Juste and Espinal are "named" plaintiffs in this putative class action, and no class has been certified to date. *See Johnson v. Killian*, No. 07 Civ. 6641, 2009 WL 1066248, at *5 n.1 (S.D.N.Y. Apr. 21, 2009) (vicarious exhaustion may apply after class has been certified).

### IV.   Plaintiffs' Treatment Did Not Violate the Eighth Amendment

Plaintiffs' Eighth Amendment claims turn on the conditions of their confinement, and allegedly unsatisfactory medical treatment.[4] However, Plaintiffs' "conclusory" allegations are not objectively serious enough to raise an Eighth Amendment violation. Br. 15-23.

For example, the Amended Complaint lacks sufficient factual detail to draw the inference that the alleged medical care provided to any of the Plaintiffs caused them "unnecessary and

---

[3] Plaintiffs' reliance on the doctrine that when an amended complaint is served, it takes the place of the original complaint, and becomes the only complaint in the case is misguided because the amended complaint is a continuation of the same litigation. *See Prescott v. Annetts*, No. 09 Civ. 4435, 2010 WL 3020023, at *3 (S.D.N.Y. July 22, 2010).

[4] Defendants' qualified immunity argument is not premature, Opp. 6-7, because qualified immunity is not merely a defense, but rather "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The availability of qualified immunity should be decided by a court "at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

8

wanton infliction of pain" or that any of the Defendants were deliberately indifferent to Plaintiffs' serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). In their opposition, Plaintiffs, except for Pedro Espada, summarize the alleged inadequate medical treatment they received (*e.g.*, failing to receive certain medication, failing to treat a cut, and not receiving antibiotics). Opp. 9 n.10.[5] However, Plaintiffs' claims regarding unsatisfactory medical treatment are appropriately re-stated as negligence or nuisance-type claims, which are torts for which Plaintiffs could bring a claim under the FTCA. Allegations of malpractice do not state a constitutional claim. *See Estelle*, 429 U.S. at 106. The Court in *Estelle* cautioned that "[a] [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id*. at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id*. at 105-06. Plaintiffs' allegations concerning their medical care essentially amount to disagreement with the treatment they received, which do not rise to the level of constitutional violations. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998).[6]

With respect to Plaintiffs' claims of substandard living conditions, food and medical care, Plaintiffs fail to establish the subjective component of their Eighth Amendment claim -- *Bivens*

---

[5] Plaintiffs' reliance on non-specific class allegations is insufficient to establish Eighth Amendment violations, Opp. 8, and are irrelevant because as yet no class has been certified.
[6] The Amended Complaint alone sets forth examples where Plaintiffs did, in fact, receive medical treatment. *See Salam v. Parac*, No. 95-4700, 1997 WL 227995, at *3 (E.D.N.Y. May 1, 1997) ("[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law") (citation omitted).

plaintiff cannot rely on *respondeat superior* to establish the liability of defendants. *See Gonzalez v. Hasty*, No. 17-3790-cv, 2018 WL 5960773 (2d Cir. Nov. 14, 2018) (affirming dismissal of plaintiffs' Eighth Amendment claims relating to conditions of confinement). Plaintiffs must establish that each individual defendant against whom they seek to assert a *Bivens* action acted with the "deliberate indifference" to inmate welfare required for an Eighth Amendment violation. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). Plaintiffs point to general, non-specific instances in which they may have complained about their treatment, but they never specify which conditions they relayed to Defendants, much less the Defendants' response. Plaintiffs have not alleged, nor argued, that any of the Defendants committed or had specific knowledge of the alleged constitutional violations at issue here. *See, generally*, Am. Compl. The absence of evidence precludes a reasonable inference that Defendants acted with deliberate indifference to the allegedly unconstitutional conditions of Plaintiffs' confinement, and Defendants are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss or, in the alternative, for partial summary judgment, and grant Defendants any such other and further relief as the Court may deem proper and just.

Dated: Brooklyn, New York
      November 30, 2018                              Respectfully submitted,

                                                   RICHARD P. DONOGHUE
                                                   United States Attorney

                              By:     s/ James R. Cho
                                                   James R. Cho
                                                   Assistant United States Attorney
                                                   (718) 254-6519
                                                   james.cho@usdoj.gov

To:     All Counsel of Record (by ECF and First Class Mail)

11