UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DAVID CRESPO, ANTHONY PODIAS, :
PEDRO ESPADA, JR., ROLFI ESPINAL, :
KESNEL JUSTE, and ANTHONY JOSEPH, on :
their own behalf, and on behalf of two classes of : **REPORT &**
similarly situated prisoners, : **RECOMMENDATION**
:
               Plaintiffs, : 17-CV-6329 (MKB)(PK)
:
     -against- :
:
MICHAEL CARVAJAL, HUGH HURWITZ, :
HERBITO TELLEZ, HERMAN QUAY III, :
KIMBERLY ASK- CARLSON, :
GERARD TRAVERS, WAYNE :
DECKER, and MARY LOU COMER, :
:
              Defendants. :
------------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

### I. Introduction

After David Crespo ("Plaintiff") passed away on September 4, 2021 (Declaration of Eric Hochstadt ("Hochstadt Decl.") ¶ 15, Dkt. 115-1; *see* Suggestion of Death, Dkt. 89), his widow Martha Crespo ("Mrs. Crespo"), in her capacity as personal representative of his estate, filed a Motion for Leave to Substitute David Crespo as a Named Plaintiff of the Damages Class.[1] ("Motion," Dkt. 109.) Defendants take no position on the Motion. (Motion at 1.) The Honorable Judge Margo K. Brodie referred the Motion to me for a report and recommendation.

### II. Discussion

Familiarity with the facts and procedural history of this case is presumed. (*See, e.g., Crespo v. Hurwitz*, No. 17-CV-6329 (RRM) (PK), 2020 WL 7249591 (E.D.N.Y. May 17, 2020), *report and*

---

[1] Although Plaintiff is also named as a plaintiff for the "Injunctive Relief Class," Mrs. Crespo does not seek to be substituted as a plaintiff for that class. (Motion at 1 n.1.)

1

*recommendation adopted*, 2020 WL 7021658 (E.D.N.Y. Nov. 30, 2020).)

Federal Rule of Civil Procedure 25 governs the substitution of parties. "If a party dies and the claim is not extinguished," any party or the decedent's successor or representative may file a motion for substitution "within 90 days after service of a statement noting the death." Fed. R. Civ. P. 25(a)(1). To grant a motion to substitute a party, the Court must find that "(1) the motion is timely; (2) the movant's claims have not been extinguished by the death; and (3) the movant proposes a proper party for substitution." *Allen ex rel. Allen v. Devine*, No. 09-CV-668 (ADS) (ETB), 2011 WL 5117619, at *2 (E.D.N.Y. Oct. 25, 2011).

### A. Timeliness

Although the Motion was filed on July 15, 2022, more than 90 days after the filing of the suggestion of death, the Court granted extensions for good cause based on the ongoing probate process to appoint an administrator or representative of Plaintiff's estate. (Order dated Feb. 1, 2022; Order dated Apr. 29, 2022.) The Motion is, therefore, timely.

### B. The Proper Party for Substitution

Mrs. Crespo was appointed personal representative of Plaintiff's estate and issued Letters of Administration in the estate by the Circuit Court for Collier County, Florida, Probate Division, on April 28, 2022. (*See* Ex. A to the Motion, Order Appointing Personal Representative, Dkt. 109-1; Ex. B to the Motion, Letters of Administration, Dkt. 109-2.) She is, thus, a personal representative of the estate under New York Law and for purposes of substitution. N.Y. Est. Powers & Trusts Law § 1-2.13. As a representative lawfully designated by state authority to represent Plaintiff's estate, Mrs. Crespo is a proper party for substitution under Rule 25(a)(1).

### C. Whether Plaintiff's Claims Survive His Death

Plaintiff's claims seeking monetary damages for alleged infringement of his Eighth Amendment rights were brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,

2

403 U.S. 388 (1971). Because a *Bivens* claim is a federally created right of action, whether it survives the death of a plaintiff is analyzed under federal common law. *Carlson v. Green*, 446 U.S. 14, 23, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980).

In *Carlson*, the Supreme Court found that under federal common law, a *Bivens* claim against a defendant survived a federal prisoner's death and could be brought by the administrator of the estate. *Id.* at 24. The court agreed with the Court of Appeals' holding that the federal common law allows survival of a *Bivens* action when defendants' conduct results in the death of the victim of the constitutional violation even if the relevant state survival statute would abate the action. *Id.*; *see, e.g., Barrett v. United States*, 622 F. Supp. 574, 591 (S.D.N.Y. 1985) ("Upon the death of an individual who suffered a constitutional deprivation, the *Bivens* right of action passes to the Estate."), *aff'd*, 798 F.2d 565 (2d Cir. 1986); *Megna v. Food & Drug Admin.*, No. 08-CV-1435 (JFB) (WDW), 2009 WL 749900, at *5 (E.D.N.Y. Mar. 17, 2009) ("[U]pon the death of an individual who has suffered a constitutional deprivation, the *Bivens* right of action passes to the estate."), *aff'd sub nom. Megna ex rel. Megna v. Food & Drug Admin.*, 377 F. App'x 113 (2d Cir. 2010).

At least one court has read *Carlson* narrowly to permit the survival of a *Bivens* claim under federal common law only when the alleged conduct giving rise to the *Bivens* action led to the death of the individual who suffered the constitutional deprivation, leaving a "gap" in the law regarding other survivorship claims. *Haggard v. Stevens*, 683 F.3d 714, 717 (6th Cir. 2012). Citing the suggestion in *Carlson* that for "other survivorship questions that may arise in *Bivens* actions…it may be that the federal law should choose to incorporate state rules as a matter of convenience," 446 U.S. at 24 n.11, the Sixth Circuit found that federal courts "routinely look to state law to fill in the gaps of federal law," and held that Ohio law extinguished a *Bivens* claim after the plaintiff's death that was unrelated to the alleged conduct giving rise to the *Bivens* action. *Haggard*, 683 F.3d at 717.

The Second Circuit has not ruled on whether a *Bivens* claim survives under federal common

3

law when the plaintiff's death is unrelated to the constitutional violation alleged in the claim, and it is not necessary to decide the question here. Even if there were a "gap" in federal law and the Court were to look to state law to fill it in, Plaintiff's *Bivens* claim also survives under New York law. The New York Estates, Powers, and Trusts Law states in pertinent part that no "cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed." N.Y. Est. Powers & Trusts Law § 11-3.2(b). Plaintiff alleged that he "suffered a deprivation of his constitutional rights, physical injury and accompanying mental and emotional harms." (Am. Compl. ¶ 34.) His allegations constitute "injury to person" and would survive his death under the New York Estates, Powers, and Trusts Law. Thus, Plaintiff's *Bivens* claims were not extinguished by his death.

Accordingly, I find that Mrs. Crespo, in her capacity as personal representative of Plaintiff's estate, may substitute as a plaintiff in this action because the Motion is timely, Plaintiff's claims were not extinguished by his death, and Mrs. Crespo is a proper party for substitution.

## **CONCLUSION**

Based on the foregoing, I respectfully recommend that the Motion for Leave to Substitute David Crespo as a Named Plaintiff of the Damages Class be granted and that Martha Crespo, in her capacity as personal representative of the Estate of David Crespo, be named a plaintiff in this action with respect to monetary relief claims belonging to Plaintiff's estate.

Any objection to this Report and Recommendation must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to appeal the District Court's Order. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

                                            **SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
            March 13, 2023