UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID CRESPO, ANTHONY PODIAS,
PEDRO ESPADA, JR., ROLFI ESPINAL,
KESNEL JUSTE, and ANTHONY
JOSEPH, on their own behalf, and on
behalf of two classes of similarly situated
prisoners,

**MEMORANDUM & ORDER**

17-cv-6329 (ERK) (PK)

Plaintiffs,

– against –

MICHAEL CARVAJAL, Northeast
Regional Director, Federal Bureau of
Prisons; HUGH HURWITZ, Acting
Director, Federal Bureau of Prisons;
HERBITO TELLEZ, Warden, MDC
Brooklyn; HERMAN QUAY III, Former
Warden, MDC Brooklyn; KIMBERLY
ASK-CARLSON, Former Warden, MDC
Brooklyn; GERARD TRAVERS, Health
Services Administrator, MDC Brooklyn;
WAYNE DECKER, Former Food Service
Administrator, MDC Brooklyn; and
MARY LOU COMER, Food Service
Administrator, MDC Brooklyn,

Defendants.

KORMAN, *J.*:

Plaintiff David Crespo and several co-Plaintiffs filed this putative class action

against Defendants, who are employees or former employees of either MDC

Brooklyn or the Bureau of Prisons.  The operative complaint alleged that, during

1

their incarceration at MDC Brooklyn, class members were subject to deficient medical care, inhumane housing conditions, lack of fresh air and sunlight, and deficient food services, in violation of their Eighth Amendment rights.  The operative complaint seeks relief for two potential classes: a damages class, for which the named plaintiffs include Crespo and co-Plaintiffs, and an injunctive relief class, for which the only named plaintiff is Crespo.

While settlement discussions and discovery were ongoing, Crespo passed away.  At the time, no motion for class certification had yet been filed.  Before me now are two motions: (1) a motion to substitute Martha Crespo as a named plaintiff of the damages class; and (2) a motion to intervene on behalf of the proposed injunctive relief class, proposing two intervenors.

For the reasons set forth below, the motion to substitute Martha Crespo as a named plaintiff of the damages class is **GRANTED**.  The injunctive relief claim is **DISMISSED** as moot, and the motion to intervene on behalf of the proposed injunctive relief class is **DENIED** as moot.

## I.     BACKGROUND

The factual and procedural histories of this case are set forth in detail in then–Chief Judge Mauskopf's, Chief Judge Brodie's, and Magistrate Judge Kuo's previous orders.  *See Crespo v. Hurwitz*, No. 17-cv-6329, 2020 WL 7021658 (E.D.N.Y. Nov. 30, 2020), *adopting report and recommendation*, 2020 WL 7249591

(E.D.N.Y. May 17, 2020); *Crespo v. Carvajal*, No. 17-CV-6329, 2021 WL 4237002 (E.D.N.Y. Sept. 14, 2021).  Nevertheless, I summarize the relevant aspects of the case below.

Plaintiff David Crespo and co-Plaintiffs Anthony Podias, Pedro Espada, Jr., Rolfi Espinal, Kesnel Juste, and Anthony Joseph filed an Amended Complaint on July 6, 2018.  *See* ECF No. 34.  At the time of the Amended Complaint, Plaintiffs were or had been minimum-security male prisoners, known as "Cadre," at MDC Brooklyn.  Am. Compl. ¶¶ 1, 10–15.  Defendants Michael Carvajal, Hugh Hurwitz, Herbito Tellez, Herman Quay III, Kimberly Ask-Carlson, Gerard Travers, Wayne Decker, and Mary Lou Comer are employees or former employees of either MDC Brooklyn or the Bureau of Prisons.  *Id.* ¶¶ 16–22.

The Amended Complaint is a putative class action alleging that class members were subject to deficient medical care, inhumane housing conditions, lack of fresh air and sunlight, and deficient food services, in violation of their Eighth Amendment rights.  *Id.* ¶¶ 35–60.  The Amended Complaint seeks relief for two potential classes: a damages class and an injunctive relief class.  *Id.* ¶ 23.  The damages claim sought damages for "any male minimum-security sentenced inmates who were incarcerated at any point between October 31, 2014 and October 31, 2017 . . . at MDC Brooklyn."  *Id.* ¶ 23.  The injunctive relief claim sought injunctive relief for "any male minimum-security sentenced inmates incarcerated at MDC Brooklyn currently or in the

3

future." *Id.* ¶ 23. Crespo was the sole named plaintiff for the proposed injunctive relief class. *Id.* ¶ 147.

In July 2021, the case was reassigned to Chief Judge Brodie. On October 6, 2021, the parties informed her that Crespo had passed away. *See* ECF No. 87 (Status Report); *see also* ECF No. 89 (Suggestion of Death). Subsequently, with respect to the damages claim, Crespo's widow, Martha Crespo, in her capacity as personal representative of the Estate of David Crespo, filed a Motion for Leave to Substitute David Crespo as a Named Plaintiff of the Damages Class ("Motion to Substitute Party"). *See* ECF No. 109. Defendants took no position on the motion. ECF No. 109, at 1. Magistrate Judge Kuo issued a Report & Recommendation recommending that the motion be granted. *See* ECF No. 120.

With respect to the injunctive relief claim, Chenshin Chan and David Nagy (together, "Proposed Intervenors") filed a Motion to Intervene on Behalf of Proposed Class and for Leave to Amend the Operative Complaint ("Motion to Intervene"). *See* ECF No. 112. Proposed Intervenors, like Crespo, were or are Cadres at MDC Brooklyn. ECF No. 112, at 2. After hearing oral argument on the motion, Magistrate Judge Kuo issued a Report & Recommendation, which: (a) found that the injunctive relief claim was not rendered moot by Crespo's death, and (b) recommended that the motion to intervene and leave to amend the complaint be granted. *See* ECF No. 119. Subsequently, Defendants filed an opposed objection to the Report &

4

Recommendation, contesting both conclusions.  The case was reassigned to me, and I held oral argument relating to the injunctive relief claim.

## II.     MOTION TO SUBSTITUTE PARTY ON DAMAGES CLAIM

Federal Rule of Civil Procedure 25 governs the substitution of parties. It provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).  A motion to substitute a party must satisfy the following conditions: (1) the motion must be timely; (2) the movant's claims have not been extinguished by the death; and (3) the movant proposes a proper party for substitution. *See Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 136 (E.D.N.Y. 2012).

Having reviewed the Report & Recommendation on the damages claim, I adopt it in its entirety.   As the Report & Recommendation explains, all three requirements are met here. *See* ECF No. 120. Accordingly, the Motion to Substitute Party and name Martha Crespo, in her capacity as personal representative of the Estate of David Crespo, as a plaintiff in the damages claim, is granted.

## III.    MOTION TO INTERVENE ON INJUNCTIVE RELIEF CLAIM

As to the motion to intervene, I must first consider whether the injunctive relief claim was mooted by Crespo's death and must therefore be dismissed.  If the

case is not moot, then the case turns on whether the motion to intervene should be granted.

Pursuant to Article III of the Constitution, federal courts may adjudicate only live "Cases" or "Controversies."  U.S. Const. art. III, § 2, cl.1; *Allen v. Wright*, 468 U.S. 737, 750 (1984).  Generally, if a case becomes moot, it no longer satisfies the case-or-controversy requirement and must be dismissed.  *See Russman v. Bd. of Educ.*, 260 F.3d 114, 118–19 (2d Cir. 2001).  "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome."  *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir. 1994) (internal quotation marks and citations omitted).

"The mootness doctrine is riddled with exceptions, however."  *Id.*  Two of those exceptions are relevant here.  First, where the named plaintiff's interest is inherently transitory, such that the challenged issue is "capable of repetition, yet evading review," jurisdiction is retained.  *Russman*, 260 F.3d at 119 (internal quotation marks and citation omitted).  "[T]his doctrine has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy."  *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76–77 (2013).

The second relevant exception arises in the class action context.  "[I]n general, if the claims of the named plaintiffs become moot prior to class certification, the

entire action becomes moot. In contrast, class certification will preserve an otherwise moot claim." *Comer*, 37 F.3d at 798 (citations omitted); *see also Sosna v. Iowa*, 419 U.S. 393, 399 (1975) (explaining that upon certification, "the class of unnamed persons described in the certification acquire[] a legal status separate from the interest asserted by [the named plaintiff]").

In some circumstances, the filing of a motion for class certification may be enough to preserve the controversy. *See Swan v. Stoneman*, 635 F.2d 97, 100–02 (2d Cir. 1980); *see also Sosna*, 419 U.S. at 402 n.11 ("There may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on a certification motion. In such instances, whether the certification can be said to 'relate back' to the filing of the complaint may depend upon the circumstances of the particular case and especially the reality of the claim that otherwise the issue would evade review.").

Some courts have taken this a step further, retaining jurisdiction where the named plaintiff "has not yet had a reasonable opportunity to file a motion for class certification, [and] there has been no 'undue delay.'" *Eckert v. Equitable Life Assurance Soc'y of the U.S.*, 227 F.R.D. 60, 63 (E.D.N.Y. 2005). Most notably, the Third Circuit applied this exception in *Weiss v. Regal Collections*, 385 F.3d 337, 346–48 (3d Cir. 2004), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). In *Weiss*, the plaintiff brought a putative class action

7

against the defendant under the Fair Debt Collections Practices Act. 385 F.3d at 339. Barely a month after the plaintiff filed the amended complaint—and before he had filed a motion for class certification—the defendants made an offer of judgment to the plaintiff pursuant to Federal Rule of Civil Procedure 68, which constituted an offer of complete relief that they argued mooted the claim. *Id.* at 339–40. Nevertheless, the Third Circuit concluded that the class action was not moot because the plaintiff had not had a reasonable time to seek class certification. *Id.* at 348–49.

The Second Circuit has not yet considered or endorsed this *Weiss* exception, but several district courts have. *See, e.g.*, *Eckert*, 227 F.R.D. at 64 (applying the exception after finding that the plaintiff did not have a realistic and reasonable opportunity to move for class certification, given that the defendant had not yet even filed its answer before making a settlement offer); *White v. OSI Collection Servs., Inc.*, No. 01-CV-1343, 2001 WL 1590518, at *4 (E.D.N.Y. Nov. 5, 2001) (applying the exception where the defendant strategically made a Rule 68 offer only one day after filing its answer, with the specific purpose of mooting the plaintiff's claim prior to certification); *Nasca v. GC Servs. Ltd. P'ship*, No. 01CIV10127, 2002 WL 31040647, at *2–3 (S.D.N.Y. Sept. 12, 2002) (applying the exception where the defendant made its Rule 68 offer less than two months after filing its answer); *Schaake v. Risk Mgmt. Alts., Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001) (applying

the exception where the Rule 68 offer was made "a mere 32 days" after the filing of the complaint).

In other instances, district courts have declined to apply the exception. *See, e.g.*, *Uviles v. City of New York*, No. 19-cv-3911, 2023 WL 3266838, at *3–5 (E.D.N.Y. May 5, 2023) (expressing hesitation as to the existence of the exception and further concluding that, even if such an exception should exist, it would not apply in this case because the case had been pending for four years and did not involve a "quick" Rule 68 offer), *appeal docketed*, No. 23-903 (2d Cir. June 6, 2023); *Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F. Supp. 2d 157, 161 (E.D.N.Y. 2003) (declining to apply the exception where "nearly 20 months [had] elapsed" since the filing of the complaint and where the plaintiff had not indicated she was prevented from moving for certification); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 452–53 (E.D.N.Y. 2000) (not discussing this exception, but concluding that the case was moot where the defendant made a Rule 68 offer three months after the filing of the complaint and where the plaintiff had not moved for certification).[1]

---

[1] Some older district court cases apply a version of this exception that contains seemingly no limiting principle—i.e., a version that does not even consider whether the plaintiff had a reasonable opportunity to move for class certification. *See, e.g.*, *Crisci v. Shalala*, 169 F.R.D. 563, 567–68 (S.D.N.Y. 1996) ("Relation back is also appropriate where, as here, the claims of the named plaintiff have become moot before a motion for class certification is filed so long as a justiciable controversy existed some time prior to class certification." (internal quotation marks and citations omitted)).   This version of the exception, however, effectively eviscerates the mootness doctrine in the class action context, and I decline to follow it.

In nearly all of these decisions, courts have explained or alluded to the rationale behind the exception: a concern that, without the exception, a defendant would simply "pick off" a plaintiff and avoid the class action lawsuit by mooting the individual claim via a Rule 68 offer before class certification. *See, e.g.*, *Weiss*, 385 F.3d at 343–44, 349; *Nasca*, 2002 WL 31040647, at *2–3; *Schaake*, 203 F.R.D. at 112; *see also Deposit Guaranty Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980) (expressing concern about a defendant "pick[ing] off" a putative class representative).

The Second Circuit has also expressed concern about a defendant's intentional mooting of a putative class action.  In *White v. Mathews*, the plaintiff filed a class action challenging delays in administrative hearings at the Social Security Administration, and the agency granted his hearing while the motion for class certification was pending.  559 F.2d 852, 855 (2d Cir. 1977).  The Second Circuit related the class certification back to at least the date of the filing of the motion to certify, explaining that "[r]efusing to do so would mean that the [agency] could avoid judicial scrutiny of its procedures by the simple expedient of granting hearings to plaintiffs who seek, but have not yet obtained, class certification."  *Id.* at 857.

Here, the injunctive relief claim was rendered moot by Crespo's death, and no exceptions to mootness apply.  Accordingly, "it would be improper to permit intervention to breathe life into a non-existent lawsuit," *Kruse v. Wells Fargo Home*

10

*Mortg., Inc.*, No. 02-CV-3089, 2006 WL 1212512, at *9 (E.D.N.Y. May 3, 2006) (internal quotation marks and citation omitted), and the claim must be dismissed.

To begin, the injunctive relief claim is not "capable of repetition, yet evading review." This exception applies "only where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Russman*, 260 F.3d at 119 (internal quotation marks and citations omitted). "A significant characteristic of . . . cases [where this exception applies] is that the mootness of the plaintiff's claim resulted from the elimination of a factor closely related to the essence of the claim." *Swan*, 635 F.2d at 102 n.6.

Here, the mootness of the injunctive relief claim was caused by Crespo's death. The claim, meanwhile, challenges the prison conditions at MDC Brooklyn, and there is nothing to suggest that Crespo's death was related to those conditions. *Cf. Swan*, 635 F.2d at 102 n.6 ("The alleged mootness in the present case [the plaintiff's death] . . . has no particular relationship to the claim at issue here. There is nothing inherent in the claim of a right to a hearing prior to termination of rehabilitation services that suggests that any member of the prospective class will not live to prosecute the issues to conclusion."). Accordingly, the "capable of repetition, yet evading review" exception does not apply.

Next, I decline to apply the *Weiss* exception for two reasons. First, the exception is not well-established. In this Circuit, only district judges have applied it; the Second Circuit has not opined on whether such an exception exists.[2] Second, and more significantly, the concerns that have motivated district judges to apply the *Weiss* exception are not present in this case. Namely, they have applied the exception where the defendant has sought to "pick off" the named plaintiff and thereby avoid a class action lawsuit. But here, the individual claim was mooted by Crespo's death—not by any litigation strategy of Defendants. Thus, though it may be appropriate to apply this exception in certain cases, this case is not one of them.

## IV.   CONCLUSION

For the reasons set forth above, the motion to substitute party in the damages claim is **GRANTED**. The injunctive relief claim is **DISMISSED** as moot, and the motion to intervene is **DENIED** as moot.

   **SO ORDERED.**

                                                          *Edward R. Korman*

Brooklyn, New York                                Edward R. Korman
March 11, 2024                                      United States District Judge

---

[2] *Uviles*, which discussed the *Weiss* exception, is currently on appeal before the Second Circuit. *See Uviles v. City of New York*, No. 23-903 (2d Cir. docketed June 6, 2023). It does not appear that the dismissal of the injunctive relief claim in that case is at issue on appeal. *See* Br. of Pl.-Appellant, *Uviles*, No. 23-903. As such, it is unlikely that the Second Circuit will take up consideration of the *Weiss* exception to mootness in that case.