UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID CRESPO, ANTHONY PODIAS,
PEDRO ESPADA, JR., ROLFI ESPINAL,
KESNEL JUSTE, and ANTHONY
JOSEPH, on their own behalf, and on
behalf of two classes of similarly situated
prisoners,

Plaintiffs,

– against –

MICHAEL CARVAJAL, Northeast
Regional Director, Federal Bureau of
Prisons; HUGH HURWITZ, Acting
Director, Federal Bureau of Prisons;
HERBITO TELLEZ, Warden, MDC
Brooklyn; HERMAN QUAY III, Former
Warden, MDC Brooklyn; KIMBERLY
ASK-CARLSON, Former Warden, MDC
Brooklyn; GERARD TRAVERS, Health
Services Administrator, MDC Brooklyn;
WAYNE DECKER, Former Food Service
Administrator, MDC Brooklyn; and
MARY LOU COMER, Food Service
Administrator, MDC Brooklyn,

Defendants.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

17-cv-6329 (ERK) (PK)

KORMAN, *J.*:

I.     **BACKGROUND**

The factual and procedural histories of this case are set forth in detail in then–

Chief Judge Mauskopf's, Chief Judge Brodie's, Magistrate Judge Kuo's, and my

1

previous orders. *See Crespo v. Hurwitz*, No. 17-cv-6329 (RRM) (PK), 2020 WL 7021658 (E.D.N.Y. Nov. 30, 2020), *adopting R. & R.*, 2020 WL 7249591 (E.D.N.Y. May 17, 2020); *Crespo v. Carvajal*, No. 17-CV-6329 (MBK) (PK), 2021 WL 4237002 (E.D.N.Y. Sept. 14, 2021); *Crespo v. Carvajal*, No. 17-CV-6329 (ERK) (PK), 2024 WL 1069888 (E.D.N.Y. Mar. 11, 2024), *rejecting R. & R.*, 2023 WL 10950842 (E.D.N.Y. Mar. 9, 2023), *adopting R. & R.*, 2023 WL 10975023 (E.D.N.Y. Mar. 13, 2023). Nevertheless, I summarize the relevant aspects of the case below.

Plaintiff David Crespo and co-Plaintiffs Anthony Podias, Pedro Espada, Jr., Rolfi Espinal, Kesnel Juste, and Anthony Joseph filed an Amended Complaint on July 6, 2018. *See* ECF No. 34. At the time of the Amended Complaint, Plaintiffs were or had been minimum-security male prisoners, known as "Cadre," at MDC Brooklyn. *Id.* ¶¶ 1, 10–15. Defendants Michael Carvajal, Hugh Hurwitz, Herbito Tellez, Herman Quay III, Kimberly Ask-Carlson, Gerard Travers, Wayne Decker, and Mary Lou Comer are employees or former employees of either MDC Brooklyn or the Bureau of Prisons. *Id.* ¶¶ 16–22; *Crespo*, 2021 WL 4237002, at n.1.

The Amended Complaint is a putative class action alleging that class members were subject to deficient medical care, inhumane housing conditions, lack of fresh air and sunlight, and deficient food services, in violation of their Eighth Amendment rights. ECF No. 34 ¶¶ 35–60. The Amended Complaint seeks relief for two potential

2

classes: a damages class[1] and, as relevant here, an injunctive relief class. *Id.* ¶ 23. The injunctive relief claim seeks injunctive relief for "any male minimum-security sentenced inmates incarcerated at MDC Brooklyn currently or in the future." *Id.* ¶ 23. Crespo was the sole named plaintiff for the proposed injunctive relief class. *Id.* ¶ 147.

In July 2021, the case was reassigned to Chief Judge Brodie. On October 6, 2021, the parties informed her that Crespo had passed away. *See* ECF No. 87 (Status Report); *see also* ECF No. 89 (Suggestion of Death). Subsequently, with respect to the injunctive relief claim, Chenshin Chan and David Nagy (together, "Proposed Intervenors") filed a Motion to Intervene on Behalf of Proposed Class and for Leave to Amend the Operative Complaint. *See* ECF No. 112. Proposed Intervenors, like Crespo, were or are Cadres at MDC Brooklyn. ECF No. 112 at 2. In a text order dated February 15, 2023, Chief Judge Brodie referred the motion to Magistrate Judge Kuo for a Report & Recommendation. After hearing oral argument, Magistrate Judge Kuo issued a Report & Recommendation, which: (a) found that the injunctive relief claim was not rendered moot by Crespo's death, and (b) recommended that the

---

[1] The damages claim sought damages for "any male minimum-security sentenced inmates who were incarcerated at any point between October 31, 2014 and October 31, 2017 . . . at MDC Brooklyn." ECF No. 34 ¶ 23. On November 30, 2020, then–Chief Judge Mauskopf adopted Magistrate Judge Kuo's Report & Recommendation to grant, with prejudice, Defendants' motion to dismiss the damages claim. *See* ECF No. 68 at 11–18. The Second Circuit affirmed the judgment. *See Crespo v. Carvajal*, No. 24-1138-pr, 2025 WL 635497, at *1–2 (Feb. 27, 2025).

motion to intervene and for leave to amend the complaint be granted. *See* ECF No. 119 at 6, 11–14. Defendants filed an opposed objection to the Report & Recommendation, contesting both conclusions. *See* ECF No. 121 at 1.

The case was then reassigned to me, and I held oral argument on the injunctive relief claim. In an order dated March 11, 2024, I found that the claim was mooted by Crespo's death and dismissed it. *See* ECF No. 131 at 10–12. I also denied the motion to intervene as moot. *See id.* On appeal, the Court of the Appeals for the Second Circuit held that, where the named plaintiff loses any personal stake in an action, the district court should consider whether a substitution could avoid mootness. *See Crespo v. Carvajal*, No. 24-1138-pr, 2025 WL 635497, at *2–3 (Feb. 27, 2025). The Second Circuit vacated the portion of the judgment dismissing the putative injunctive relief class's claims and remanded the case with instructions to resolve the merits of the motion to intervene. *Id.* at *3.

## II.    DISCUSSION

As explained in my prior order, if a case becomes moot, a federal court generally must dismiss it for lack of subject matter jurisdiction. *See Crespo*, 2024 WL 1069888, at *2; *see also Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118–19 (2d Cir. 2001). Here, Crespo's death mooted his interest in the injunctive relief claim. *See Gershanow v. Cty. of Rockland*, No. 11-CV-8174 (CS), 2014 WL 1099821, at *4 (S.D.N.Y. Mar. 20, 2014) ("The death of a party seeking injunctive relief will moot a case if that

4

death 'makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'" (quoting *Independence Party of Richmond Cnty. v. Graham*, 413 F.3d 252, 255 (2d Cir. 2005)). Although class certification or, in some circumstances, the filing of a motion for class certification can preserve an otherwise moot claim, *see Crespo*, 2024 WL 1069888, at *3, Crespo died before a motion for class certification was filed.

I previously considered whether certain exceptions to mootness—such as where a challenged issue is "capable of repetition, yet evading review"—could avoid dismissal here but found they were not applicable. *See id.* at *4. The Second Circuit advises, however, that there is also an exception to mootness where a plaintiff loses his personal stake in an action but a district court finds that a proposed substitute plaintiff can appropriately take his place. *See Crespo*, 2025 WL 635497 at *2. I therefore address the merits of the motion to intervene to determine if Proposed Intervenors offer an appropriate substitution.

### A. Intervention & Mootness

In my prior consideration of this matter, I did not reach the question of whether intervention is appropriate, either as of right or on a permissive basis. Given the instruction from the Second Circuit, I have again reviewed the Report & Recommendation issued by Magistrate Judge Kuo on the injunctive relief claim and I now adopt the portion of the Report & Recommendation that addresses intervention. *See* ECF No. 119 at 7–12. As the Report & Recommendation explains,

the requirements for both intervention as of right and permissive intervention are satisfied here. *See id.* Mootness, and dismissal, can thus be avoided. *Cf. Klein ex rel. Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 225–28 (2d. Cir. 2018) (mootness avoided where plaintiff lost stake in litigation and subsequently proposed substitute met criteria for substitution under Rule 17(a)(3) of Federal Rules of Civil Procedure and related Circuit precedent). Accordingly, intervention is granted and subject matter jurisdiction over the injunctive relief claim is retained.

### B. Amendment

In my prior consideration of this matter, I did not reach the question of whether leave to amend the operative complaint is appropriate here. Having again reviewed the portion of the Report & Recommendation addressing leave to amend, *see* ECF No. 119 at 12–14, I now adopt Magistrate Judge Kuo's well-reasoned analysis and conclusion. Accordingly, leave to file the Proposed Second Amended Complaint is granted.

### III. CONCLUSION

The motion to intervene and for leave to file the Proposed Second Amended Complaint is **GRANTED**. The Second Amended Complaint shall be filed within ninety days of this Order.

**SO ORDERED.**

Brooklyn, New York
July 13, 2026

_s/ Edward R. Korman_

Edward R. Korman
United States District Judge